## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CORNELL STOREFRONT       :      No. 3:23cv555
SYSTEMS, INC.,           :
          Plaintiff    :    (Judge Munley)
                     :
     v.              :
                     :
MOBILFLEX INC.,         :
          Defendant    :

## MEMORANDUM

Before the court is Defendant MobilFlex, Inc.'s ("MobilFlex") motion for reconsideration of the court's August 28, 2025 decision. (Doc. 48). Alternatively, MobilFlex moves for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Id.) In its earlier decision, the court denied MobilFlex's motion to dismiss Plaintiff Cornell Storefront Systems, Inc.'s ("Cornell") complaint pursuant to Rule 12(b)(1) and defendant's motion for judgment on the pleadings pursuant to Rule 12(c). See Cornell Storefront Sys., Inc. v. MobilFlex Inc., No. 3:23CV555, 2025 WL 2486003, at *1 (M.D. Pa. Aug. 28, 2025). For the reasons that follow, MobilFlex's motion will be denied in its entirety.

**Background**

By way of brief background, Cornell manufactures and sells security and life-safety closure products throughout the United States of America.[1] Id. Cornell's business relies heavily on customers with whom plaintiff maintained an ongoing business relationship. Id. That said, project managers and project coordinators play a critical role in developing and maintaining customer relationships. Id. Because those employees have access to confidential information including, but not limited to, pricing data, profits margins, business practices, and other trade secrets, Cornell requires them to execute employment and non-disclosure agreements containing non-competition, non-solicitation, and confidential provisions. Id.

Around May 5, 2019, Cornell hired Nina Ancharski as a project coordinator. Id. In that role, Ancharski developed and maintained relationships with plaintiff's customers and had access to plaintiff's confidential information and trade secrets. Id. As a condition of her employment, Ancharski executed both an employment agreement ("Employment Agreement") and a non-disclosure

---

[1] These background facts are derived from the court's memorandum addressing MobilFlex's motion to dismiss. See Cornell Storefront Sys., Inc., 2025 WL 2486003, at *1–*2. Previously, the court accepted all factual allegations in Cornell's complaint as true. Id. n. 1 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted)). The court made no determination, however, as to the ultimate veracity of these assertions.

agreement ("Non-Disclosure Agreement"). Id.  Ancharski's employment ended around September 11, 2020. Id. at * 2.

Following her departure, Ancharski allegedly violated her Employment and Non-Disclosure Agreements by accepting employment with plaintiff's direct competitors— first with Advance Door Technologies and later with MobilFlex. Id. Upon learning that MobilFlex had hired Ancharski for a substantially similar position, Cornell sent demand letters to both Ancharski and MobilFlex requesting compliance with Ancharski's contractual obligations. Id.  Despite those demands, Ancharski allegedly continued to violate her contractual obligations and MobilFlex allegedly encouraged those violations. Id.  Consequently, on August 20, 2021, Cornell sued Ancharski in the Luzerne County Court of Common Pleas ("Ancharski Litigation") for breach of contract, tortious interference, and misappropriation of trade secrets. Id.

Cornell contends that during the Ancharski Litigation, both Ancharski and MobilFlex obstructed discovery efforts aimed at uncovering the nature and extent of Ancharski's conduct. Id. Although MobilFlex was not a party to that action, Cornell served non-party discovery requests seeking information regarding Ancharski's employment. Id.  MobilFlex allegedly failed to respond, while Ancharski repeatedly refused to produce relevant employment records. Id.  After the state court granted Cornell's motion to compel Ancharski to provide complete

3

responses to its discovery requests, Ancharski allegedly failed to comply with the court's order. Id.  Consequently, the state court imposed sanctions against Ancharski. Id.

The Ancharski Litigation ultimately settled in March 2023 through an agreed permanent injunction and dismissal order prohibiting Ancharski from further violating her contractual obligations. Id.

Cornell now alleges that discovery obtained during that litigation revealed that MobilFlex solicited confidential financial information from Ancharski before hiring her and that Ancharski disclosed Cornell's pricing, costs, profit margins, and customer information. Id.  Plaintiff further alleges that Ancharski induced at least one customer to transfer its business to MobilFlex, assisted MobilFlex in soliciting three of Cornell's customers, and interfered with several referral sources. Id. at *3.  According to plaintiff, the loss of those customers alone caused Cornell more than $600,000 in damages. Id.

Cornell sued MobilFlex here in federal court on March 31, 2023. (Doc. 1). Plaintiff's complaint contained the following four causes of action: Count I, tortious interference with the Employment Agreement; Count II, tortious interference with the Non-Disclosure Agreement; Count III, tortious interference with business relationships; Count IV, misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. ("DTSA");  Count V,

misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act, 12 PA. CONS. STAT. § 5301, *et seq.* ("PUTSA"); Count VI, conversion of plaintiff's property; and Count VII, unjust enrichment. Id. (Doc. 1, Compl. ¶¶ 67-115).

MobilFlex answered the complaint and moved to dismiss, arguing that Cornell's claims were barred by the doctrine of claim preclusion, also known as *res judicata.* (Docs. 21, 34). The court denied defendant's motion in all respects. (Docs. 45-46).

MobilFlex now asks the court to reconsider that ruling. (Doc. 48-1, Br. in Supp at ECF p. 1). In the alternative, MobilFlex seeks certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Id.)

Cornell opposes the motion, arguing that MobilFlex merely reasserts arguments previously raised and rejected by the court. (Doc. 50, Def. Br. in Opp. at 3). According to plaintiff, defendant has failed to identify any intervening change in controlling law, newly discovered evidence, or clear error warranting reconsideration. (Id.) Cornell further contends that certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is unwarranted for multiple reasons, including that such measure would only delay resolution of this matter. (Id. at 8-9). Upon careful consideration, the court finds Cornell's arguments persuasive.

**Standard**

### 1. Motion for Reconsideration

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985)). For such a motion to be granted, the movant must demonstrate one of the three following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Id. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

### 2. Interlocutory Appeal

Section 1292(b) permits certification of an interlocutory order only where "a district judge . . . [is] of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation [.]" 28 U.S.C. § 1292(b).

6

**Analysis**

MobilFlex's motion and supporting brief raise two arguments.  MobilFlex contends that: 1) the court misapplied the doctrine of *res judicata*; and 2) the court's August 28, 2025 decision satisfies the requirements for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 48-1, Br. in Supp. at ECF pp. 3-9).  The court will address each argument in turn.

### 1. *Res Judicata*

*Res judicata* bars an action when four elements are present: "an identity of issues, an identity of causes of action, identity of persons and parties to the action, and identity of the quality or capacity of the parties suing or being sued." In re Coatesville Area Sch. Dist., 244 A.3d 373, 379 (Pa. 2021).

With respect to the second element—identity of causes of action— defendant maintains that the court erred in concluding that Cornell's claims against MobilFlex were not precluded by *res judicata* because they involved "ongoing misconduct" and "recently discovered" facts. (Doc. 48-1, Br. in Supp. at ECF p. 3).  According to MobilFlex, Pennsylvania law is clear that claim preclusion bars not only claims actually litigated, but also those claims that could have been litigated in the prior action. (Id.)

*Issues That Could Have Been Litigated in The Prior Action* – Claim preclusion "forbids relitigation of matters actually decided, on the ground that

7

there is no assurance the second decision will be more correct than the first."

Day v. Volkswagenwerk Aktiengesellschaft, 464 A.2d 1313, 1316 (Pa. Super. 1983) (citation omitted).  Similarly, "a party is commonly forbidden to raise issues that could have been litigated in the first suit but were not, because of the desirability of settling the entire controversy in a single proceeding." Id.; see also Duquesne Light Co. v. Pittsburgh Railways Co., 194 A.2d 319, 321 (Pa. 1963) (a "final determination by a court of competent jurisdiction settles not only the defenses actually raised, but also those which might have been raised.").

But that principle does not carry MobilFlex as far as it suggests.  As the court previously cautioned, the doctrine of *res judicata* does not apply where the causes of action in the first and second actions are distinct. See Chada v. Chada, 756 A.2d 39, 44 (Pa. Super. Ct. 2000).  Nor does it apply where, despite some overlap between the proceedings, the causes of action are not so closely related that matters essential to recovery in the second action were determined in the first action. Id.; see also Rearick v. Elderton State Bank, 97 A.3d 374, 380 (Pa. Super. Ct. 2014) ("Indeed, two suits [that] have arisen out of the same set of factual circumstances may involve entirely separate causes of action.").

That distinction matters here.  The Ancharski Litigation involved claims against Ancharski herself for breach of contract, inevitable disclosure of confidential information, violations of the PUTSA, breach of fiduciary duty and

8

duty of loyalty, and tortious interference with Cornell's relationships with its customers. (See Doc. 34-2, Ex. B, State Court Complaint ¶¶ 57-141). This action, by contrast, asserts claims against MobilFlex for unjust enrichment, tortious interference with contracts, and conversion. (Doc. 1, Compl. ¶¶ 67-115). Several claims asserted here are distinct from the claims asserted in the Ancharski Litigation. Additionally, MobilFlex has not shown that matters essential to plaintiff's recovery in this case were actually resolved in the state court action.

In support of its motion, MobilFlex maintains that Cornell's current claims are all derivative of Ancharski's alleged breach of the same Employment and Non-Disclosure Agreements that formed the basis of the Ancharski Litigation. (Doc. 48-1, Br. in Supp. at ECF pp. 3-4). MobilFlex further argues that plaintiff knew, or at least could have known, of defendant's alleged involvement because plaintiff served non-party discovery on MobilFlex during the Ancharski litigation. (Id. at ECF p. 4). According to MobilFlex, Cornell cannot avoid claim preclusion by changing the form of action or asserting new legal theories based on the same nucleus of operative facts. (Id.)

The court remains unpersuaded. MobilFlex was not a party to the Ancharski Litigation, though that fact is not dispositive by itself. More importantly, defendant points to nothing showing that plaintiff could have litigated claims against MobilFlex based on conduct that had not yet occurred, had not yet

caused separate damages, or had not yet been discovered when the prior action was pending. It defies logic to hold that Cornell was required to bring claims in the Ancharski Litigation that had not yet arisen.

*New Evidence* – MobilFlex next argues that newly discovered evidence does not defeat claim preclusion where the underlying action remains the same. (Doc. 48-1, Br. in Supp. at ECF p. 4). In support, MobilFlex cites Jarvis v. Analytical Lab'y Servs., for the proposition that "[n]ewly discovered evidence does not prevent the application of *res judicata* unless it was either fraudulently concealed or it could not have been discovered with due diligence." 499 F. App'x 137, 140 (3d Cir. 2012).

Defendant maintains that Cornell's allegations regarding customer solicitation were discoverable during the Ancharski Litigation because Cornell served non-party discovery on MobilFlex and moved to compel Ancharski to produce relevant documents. (Doc. 48-1, Br. in Supp at ECF p. 5). In MobilFlex's view, Cornell's inability to obtain those documents reflects, at most, incomplete discovery, not a new cause of action. (Id.)

This argument mischaracterizes the court's prior ruling. The court did not hold that newly discovered evidence, standing alone, defeats *res judicata*. See Cornell Storefront Sys., Inc., 2025 WL 2486003, at *7 ("Here, it appears that Cornell is asserting claims that arose after the entry of the Agreed Order of

10

Dismissal. Those claims may have not existed or could not have been sued upon in the Ancharski Litigation."). Rather, the court focused on the nature and timing of Cornell's claims. The complaint plausibly alleges misconduct and damages that postdate the filing of the complaint in the state court litigation. If Cornell seeks relief from different conduct or different damages arising after the prior action commenced, *res judicata* does not automatically bar the later suit. See Pontiere v. James Dinert, Inc., 627 A.2d 1204, 1210 (Pa. Super. Ct. 1993) ("*res judicata* will not bar a subsequent action where the damages for which relief was sought in the earlier action were entirely different."). Accordingly, MobilFlex's argument that the court relied only on new evidence misses the point.[2]

*Timing of New Facts* – MobilFlex also takes issue with the court's treatment of the complaint's allegation that Cornell "recently learned" of defendant's alleged solicitation of its customer. (Doc. 48-1, Br. in Supp. at ECF p. 6). According to MobilFlex, that phrase is temporally ambiguous and does not establish that

---

[2] MobilFlex also maintains that the court improperly relied on MobilFlex's and Ancharski's alleged failure to comply with discovery requests during the Ancharski Litigation in concluding that Cornell may pursue its present claims. (Doc. 48-1, Br. in Supp. at ECF p. 5). MobilFlex further contends that Cornell had the opportunity to litigate its claims and pursue discovery in state court. (Id. at ECF p. 6). Thus, in defendant's view, the fact that MobilFlex allegedly failed to comply with non-party discovery requests, or alternatively that Cornell failed to diligently pursue such discovery, does not undermine the finality of the state court judgment. (Id.)

Defendant's argument fails to address the primary basis for the court's ruling. The court's earlier decision did not primarily rest on the alleged discovery misconduct during the Ancharski Litigation. Rather, the court focused on the plaintiff's allegations that the claims asserted in this action are predicated, at least in part, on conduct that postdated the state court litigation and gave rise to new and independent causes of action.

plaintiff learned of the facts only after the Ancharski Litigation settled. (Id. at ECF p. 7).  Defendant argues that the court therefore created a timing allegation that does not appear in the complaint. (Id.)  The court disagrees.

At the pleading stage, the court must draw all reasonable inferences in favor of the non-movant.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Here, Cornell alleged that it "recently learned" that MobilFlex has worked with Ancharski to solicit at least three customers, that "Ancharski interfered with and . . . solicit[ed] business from several of [Cornell's] referral sources [,]" and that the loss of those customers resulted in more than $600,000 in lost profits. (Doc. 1, Compl. ¶¶ 63-66).  Moreover, in its brief in opposition to the motion to dismiss, Cornell maintained that "[f]ollowing settlement of the Ancharski Litigation, [Cornell] learned that MobilFlex, with Ancharski's help and assistance, had successfully solicited at least three former [Cornell] customers to MobilFlex, thereby causing [Cornell] to lose profits in excess of $600,000." (Doc. 37, Br. in Opp. at 4).  Therefore, "[Cornell] filed this lawsuit for damages and injunctive relief relating to MobilFlex's tortious acts and its ongoing possession, use, and/or disclosure of [Cornell's] confidential information and trade secrets."  (Id.)

Drawing reasonable inferences from those allegations in plaintiff's favor was not clear error.[3] At bottom, defendant's motion for reconsideration asks the court to revisit its prior application of settled *res judicata* principles to the allegations in this case. That is not a proper basis for reconsideration. MobilFlex's motion will therefore be denied.

## 2. Interlocutory Appeal

Because the court will deny reconsideration, it turns to MobilFlex's alternative request for certification under 28 U.S.C. § 1292(b).

Section 1292(b) permits certification of an interlocutory order only where the following requirements are met: (1) the order must involve a controlling question of law; (2) there must be substantial ground for difference of opinion; and (3) immediate appeal must materially advance the termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (citing 28 U.S.C. § 1292(b)).

Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers &

---

[3] MobilFlex also argues that Cornell's assertion in its brief in opposition that these allegations concern events occurring after the settlement of the Ancharski Litigation constitutes an impermissible attempt to amend the complaint through briefing, a practice courts routinely reject. (Doc. 4-8, Br. in Supp. at ECF p. 7). This argument is not persuasive. The court is entitled to draw all reasonable inferences in Cornell's favor as the non-moving party. In doing so, the court did not rely on new factual allegations advanced in plaintiff's briefing, but rather drew reasonable inferences from the allegations already contained in the complaint.

Lybrand v. Livesay, 437 U.S. 463, 475 (1978) (cleaned up). "[T]he court should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." In re Chocolate Confectionary Antitrust Litig., 607 F. Supp. 2d 701, 706 (M.D. Pa. 2009). Even when the statutory factors are satisfied, certification remains discretionary. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). "And in exercising its discretion, a district court should be mindful of the strong policy against piecemeal appeals." MLB Players, Inc. v. DraftKings, Inc., No. 24-4884, 2025 WL 1462547, at *2 (E.D. Pa. May 21, 2025) (internal quotation omitted).

*Controlling Question of Law* – "A controlling question of law is one in which, either: (1) if erroneous, would be reversible error on final appeal; or (2) is serious to the conduct of the litigation, either practically or legally." Abramson v. AP Gas & Electric (PA), LLC, No. 22-1299, 2023 WL 2714340, at *1 (W.D. Pa. Mar. 30, 2023) (Kelly, M.J.) (cleaned up).

Here, the court agrees with MobilFlex on the first requirement. Whether Cornell's claims against MobilFlex are barred by *res judicata* is a controlling question of law. (See Doc. 4-8, Br. in Supp. at ECF p. 8). If the Court of Appeals were to conclude that Cornell's claims against MobilFlex are precluded by the Ancharski Litigation, this action against MobilFlex would be subject to dismissal.

14

Resolution of this issue could therefore terminate the litigation in its entirety. But defendant falters on the second requirement.

*Substantial Ground for Differing Opinion* – For purposes of 28 U.S.C. § 1292(b), a substantial ground for difference of opinion exists where there is genuine doubt about the governing legal standard, conflicting and contradictory opinions, or an absence of controlling law. See Gibel v. Iron Cumberland, LLC, No. CV 23-2050, 2025 WL 745220, at *2 (W.D. Pa. Mar. 7, 2025) (collecting cases). Questions of first impression may, for instance, satisfy this requirement. Pennsylvania v. Navient Corp., No. 3:17-CV-1814, 2019 WL 1052014, at *2 (M.D. Pa. Mar. 5, 2019). Additionally, the absence of controlling law on a particular issue may also satisfy this prong of the test. Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008). But disagreement with the court's application of settled law to a particular factual record is not enough. Gibel, 2025 WL 745220, at *3.

That is precisely the problem here. MobilFlex does not identify conflicting authority on the governing *res judicata* standard. Nor does it argue that this case presents a question of first impression or that controlling law is absent. Instead, MobilFlex argues that reasonable jurists may disagree about how *res judicata* applies when there is factual overlap between two cases. To support that position, MobilFlex relies on Rose v. Hoffman Ins. Consultants, 241 A.3d 364

15

(Pa. Super. Ct. 2020). But <u>Rose</u> involved "identical causes of action . . . identical damages . . . [and] identical parties." <u>Id.</u> This case does not.

The difference here is critical. MobilFlex has identified a case that applied settled *res judicata* principles to different facts. That is not the same as identifying a substantial ground for difference of opinion over the governing law. See <u>Gibel v. Iron Cumberland, LLC</u>, No. CV 23-2050, 2025 WL 745220, at *3 (W.D. Pa. Mar. 7, 2025) ("these other cases merely reflect the courts' application of a clear legal standard to the varied factual and contextual circumstances in different cases, and not a genuine doubt or conflicting precedent as to the correct legal standard that these courts must apply."). Thus, MobilFlex has failed to establish the existence of a substantial ground for difference of opinion.

*Material Advancement of The Ultimate Resolution of The Case* – Finally, MobilFlex has not demonstrated that immediate appeal would materially advance the termination of this litigation. MobilFlex argues that certification could avoid costly discovery and motion practice if the Court of Appeals were to accept its *res judicata* defense. (Doc. 48-1, Br. in Supp. at ECF p. 9). That may be true, but the possibility that an appeal could end the case is not, by itself, enough to justify interlocutory review.

At this stage, further factual development of the record is likely more useful than immediate appellate review. The court has already recognized that

16

defendant may renew its *res judicata* defense after discovery if the factual record supports it. In other words, MobilFlex may raise that defense again on summary judgment. That course would allow the issue to be addressed on a more developed record and would better serve the efficient administration of the case.

MobilFlex has not established the exceptional circumstances necessary for certification under 28 U.S.C. § 1292(b). Although the *res judicata* issue is controlling, defendant has not shown a substantial ground for difference of opinion or that an immediate appeal would materially advance the ultimate termination of the litigation. Accordingly, MobilFlex's motion for certification of an interlocutory appeal will be denied.

**Conclusion**

For the reasons set forth above, MobilFlex's motion for reconsideration and for certification of an interlocutory appeal, (Doc. 48), will be denied. The parties will be directed to file a status report **on or before June 30, 2026** as to whether a settlement conference with the undersigned or a magistrate judge would be productive at this time. A case management conference will be scheduled by way of separate order. An appropriate order follows.

BY THE COURT:

Date: 6/25/26

JUDGE JULIA K. MUNLEY
United States District Court

17